MCGREGOR W. SCOTT
United States Attorney
JESSICA A. MASSEY
Assistant United States Attorney
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                          Plaintiff,<br><br>            v.<br><br>GURPREET SINGH BRAR,<br><br>                          Defendant. | CASE NO. 1:20-CR-00197-DAD-BAM<br><br>STIPULATION REGARDING EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT; AND ORDER<br><br>DATE: January 27, 2021<br>TIME:   1:00pm<br>COURT: Hon. Barbara A. McAuliffe |

### STATUS REPORT

Defendant GURPREET SINGH BRAR was arraigned on the indictment on November 19, 2020 (Doc. 8), and was detained on the bases of flight and danger on November, 24, 2020. Doc. 10, 11. The government has provided initial discovery to the defense and is aware of its ongoing discovery obligations.

### STIPULATION

This case is set for status conference on January 27, 2021. On May 13, 2020, this Court issued General Order 618, which suspends all jury trials in the Eastern District of California "until further notice." Further, pursuant to General Order 611, this Court's declaration of judicial emergency under 18 U.S.C. § 3174, and the Ninth Circuit Judicial Council's Order of April 16, 2020 continuing this Court's judicial emergency, this Court has allowed district judges to continue all criminal matters to a

STIPULATION REGARDING EXCLUDABLE TIME
PERIODS UNDER SPEEDY TRIAL ACT

1

1   date after May 2, 2021.[1]  This and previous General Orders, as well as the declarations of judicial
2   emergency, were entered to address public health concerns related to COVID-19.
3       Although the General Orders and declarations of emergency address the district-wide health
4   concern, the Supreme Court has emphasized that the Speedy Trial Act's end-of-justice provision
5   "counteract[s] substantive openendedness with procedural strictness," "demand[ing] on-the-record
6   findings" in a particular case. *Zedner v. United States*, 547 U.S. 489, 509 (2006).  "[W]ithout on-the-
7   record findings, there can be no exclusion under" § 3161(h)(7)(A).  *Id.* at 507.  Moreover, any such
8   failure cannot be harmless.  *Id.* at 509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153
9   (9th Cir. 2000) (explaining that a judge ordering an ends-of-justice continuance must set forth explicit
10  findings on the record "either orally or in writing").
11      Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory
12  and inexcusable—General Orders 611, 612, 617, and 618 and the subsequent declaration of judicial
13  emergency require specific supplementation.  Ends-of-justice continuances are excludable only if "the
14  judge granted such continuance on the basis of his findings that the ends of justice served by taking such
15  action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C.
16  § 3161(h)(7)(A).  Moreover, no such period is excludable unless "the court sets forth, in the record of
17  the case, either orally or in writing, its reason or finding that the ends of justice served by the granting of
18  such continuance outweigh the best interests of the public and the defendant in a speedy trial."  *Id.*
19      The General Orders and declaration of judicial emergency exclude delay in the "ends of justice."
20  18 U.S.C. § 3161(h)(7) (Local Code T4).  Although the Speedy Trial Act does not directly address
21  continuances stemming from pandemics, natural disasters, or other emergencies, this Court has
22  discretion to order a continuance in such circumstances.  For example, the Ninth Circuit affirmed a two-
23  week ends-of-justice continuance following Mt. St. Helens' eruption.  *Furlow v. United States,* 644 F.2d
24  764 (9th Cir. 1981).  The court recognized that the eruption made it impossible for the trial to proceed.
25  *Id.* at 767-68; *see also United States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to
26  exclude time following the September 11, 2001 terrorist attacks and the resultant public emergency).

---

28  [1] A judge "may order case-by-case exceptions" at the discretion of that judge "or upon the request of counsel, after consultation with counsel and the Clerk of the Court to the extent such an order will impact court staff and operations."  General Order 618, ¶ 7 (E.D. Cal. May 13, 2020).

STIPULATION REGARDING EXCLUDABLE TIME          2
PERIODS UNDER SPEEDY TRIAL ACT

The coronavirus is posing a similar, albeit more enduring, barrier to the prompt proceedings mandated by the statutory rules.

In light of the societal context created by the foregoing, this Court should consider the following case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-justice exception, § 3161(h)(7) (Local Code T4). [2] If continued, this Court should designate a new date for the status conference. *United States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any pretrial continuance must be "specifically limited in time").

**STIPULATION**

Plaintiff United States of America, by and through its counsel of record, and defendant, by and through defendant's counsel of record, hereby stipulate as follows:

1. By previous order, this matter was set for status on January 27, 2021.

2. By this stipulation, defendant now moves to continue the status conference until April 14, 2021, and to exclude time between January 27, 2021, and April 14, 2021, under 18 U.S.C. § 3161(h)(7)(A), B(iv) [Local Code T4].

3. The parties agree and stipulate, and request that the Court find the following:

   a) The government has represented that the initial discovery associated with this case has been provided. The government is aware of its ongoing discovery obligations.

   b) Counsel for defendant desires additional time to confer with his client about a possible resolution, to review discovery, and to otherwise prepare for trial.

   c) Counsel for defendant believes that failure to grant the above-requested continuance would deny him/her the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

   d) The government does not object to the continuance.

   e) In addition to the public health concerns cited by the General Orders and declarations of judicial emergency, and presented by the evolving COVID-19 pandemic, an ends-of-justice delay is particularly apt in this case because counsel or other relevant individuals

---

[2] The parties note that General Order 612 acknowledges that a district judge may make "additional findings to support the exclusion" at the judge's discretion. General Order 612, ¶ 5 (E.D. Cal. March 18, 2020).

have been encouraged to telework and minimize personal contact to the greatest extent possible. It will be difficult to avoid personal contact should the hearing proceed.

f) Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

g) For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of January 27, 2021 to April 14, 2021, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4] because it results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

4. Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.

Dated:  January 20, 2021              MCGREGOR W. SCOTT
                                      United States Attorney


                                      /s/ JESSICA A. MASSEY
                                      JESSICA A. MASSEY
                                      Assistant United States Attorney

                                      /s/ YAN SHRAYBERMAN
Dated:  January 20, 2021
                                      YAN SHRAYBERMAN
                                      Counsel for Defendant
                                      GURPREET SINGH BRAR

STIPULATION REGARDING EXCLUDABLE TIME
PERIODS UNDER SPEEDY TRIAL ACT

4

**ORDER**

IT IS SO ORDERED that the status conference is continued from January 27, 2021, to **April 14, 2021, at 1:00 p.m. before Magistrate Judge Barbara A. McAuliffe**.  Time is excluded pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv).

IT IS SO ORDERED.

Dated:   **January 20, 2021**                     /s/ *Barbara A. McAuliffe*
                                              UNITED STATES MAGISTRATE JUDGE

STIPULATION REGARDING EXCLUDABLE TIME
PERIODS UNDER SPEEDY TRIAL ACT

5