UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| United States of America, | No. 1:20-cr-00197-KJM-BAM |
|---|---|
| Plaintiff, | ORDER |
| v. | |
| Gurpreet Singh Brar, | |
| Defendant. | |

Proceeding pro se, defendant Gurpreet Singh Brar[1] moves the court to reduce his sentence under 18 U.S.C. § 3582(c)(2) based on the retroactive application of Amendment 821 to the U.S. Sentencing Guidelines. Mot., ECF No. 52. The government opposes. Opp'n, ECF No. 55.

Amendment 821, which applies retroactively, provides for a two-level reduction in the offense level of certain zero-point offenders. *See* U.S.S.G. § 4C1.1. A defendant is entitled to a reduction under this provision if the defendant meets all criteria listed in that section, including "the defendant did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of

/////

---

[1] In his motion, defendant's name is spelled as "Gupreet Singh Brar." *See generally* Mot. However, the caption, indictment, plea agreement and Presentence Investigation Report spells defendant's names as "Gurpreet Singh Brar." *See* ECF Nos. 1, 39, 42.

1

a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense[.]" U.S.S.G. § 4C1.1(a)(7).

Here, defendant possessed a firearm in connection with his offense. *See* Factual Basis for Plea., Plea Agreement Ex. A, ECF No. 39; Presentence Investigation Report ¶ 23, ECF No. 42 (increasing offense level by two levels in accordance with U.S.S.G. § 2D1.1(b)(1) for having a firearm). Therefore, he is not eligible for a sentence reduction under section 4C1.1. *See, e.g., United States v. Villasenor*, No. 18-00437, 2024 WL 1117940, at *1 (N.D. Cal. Mar. 13, 2024) (holding similarly).

The motion is **denied**.

This order resolves ECF No. 52.

IT IS SO ORDERED.

DATED: August 22, 2024.

_____
CHIEF UNITED STATES DISTRICT JUDGE