1
2
3
4
5
6
7
8                          UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   United States of America,                    No. 1:20-cr-00197-KJM-BAM

12                         Plaintiff,             ORDER

13          v.

14   Gurpreet Singh Brar,

15                         Defendant.

16

17          Defendant Gurpreet Singh Brar pleaded guilty to violating 21 U.S.C. § 841(a)(1) and

18   (b)(1), which prohibit the possession of controlled substances with the intent to distribute.  *See*

19   *generally* Plea Agreement, ECF No. 39.  In the plea agreement, Brar admitted Kern County

20   Sheriff's Deputies found approximately 67 kilograms of cocaine in his truck during a traffic stop.

21   *See id.* Ex. A (factual basis).  He was sentenced to a 120-month term of imprisonment, followed

22   by a 60-month term of supervised release.  *See* Judgment & Commitment, ECF No. 51.

23          Brar now moves pro se for an order directing the government return property seized from

24   his home on the day of the traffic stop.  *See* Mot., ECF No. 57.  He alleges "government agents"

25   seized six firearms, two phones, an iPad, and a laptop from his home.  *See id.* at 1–2.  The

26   presentence investigation report prepared in advance of Brar's sentencing, which drew no

27   objection from him or his counsel, confirms Kern County Sheriff's Deputies searched for and

28   seized six firearms from his home, but it does not mention any phones, iPads or laptops at the

                                            1

1    home, nor any involvement by federal agents or officers.  PSR ¶¶ 13–15, ECF No. 42.  The

2    government did not oppose the motion or file a response.  The court then directed the government

3    to file its response by October 25, 2024.  The government did not file a response by that deadline.

4    The court took the matter under submission without holding a hearing.

5         Brar has not offered evidence showing federal officers seized or took control of any of the

6    guns or devices.  Nor does the record show the United States possesses any of those guns or

7    devices now.  This court cannot force the United States to return property it does not possess.

8    *United States v. Marshall*, 338 F.3d 990, 995 (9th Cir. 2003).  Nor does this court have

9    jurisdiction to order state officers to return any property they seized, unless those officials were

10   acting under "direct federal authorization."  *United States v. Soto*, No. 13-00253, 2016 WL

11   5942313, at *2 (N.D. Cal. Oct. 13, 2016) (citing *United States v. Huffhines*, 986 F.2d 306, 308–09

12   (9th Cir. 1993)).  There is no evidence the deputies in this case were acting under direction from

13   the federal government.  Nor is there any evidence suggesting the guns or devices might be used

14   in a pending or future federal prosecution.  *See id.* ("Property seized and held by state law-

15   enforcement officers is not in the constructive possession of the United States for Rule 41(g)

16   purposes unless it is being held for potential use as evidence in a federal prosecution.").  Brar has

17   not shown this court could grant the relief he seeks.

18        The motion to return property (ECF No. 57) is **denied**.

19        IT IS SO ORDERED.

20    DATED:  January 2, 2025.

21                                                        _____
                                                         UNITED STATES DISTRICT JUDGE